

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE___NOV 0 5 2015

_Madsen, C.J._
CHIEF JUSTICE

This opinion was filed for record
at 8:00am on Nov. 5, 2015

Ronald R. Carpenter
Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 90554-1 |
| Respondent, | ) | |
| v. | ) | |
| MARK LESTER BESOLA, | ) | |
| Petitioner. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| Respondent, | ) | |
| v. | ) | En Banc |
| JEFFREY EDWIN SWENSON, | ) | |
| Petitioner. | ) | Filed ___NOV 0 5 2015 |

OWENS, J. — The Fourth Amendment to the United States Constitution requires warrants to "particularly describ[e] the place to be searched, and the persons or things to be seized." That requirement is heightened if the warrant authorizes a search for materials protected by the First Amendment to the United States

Constitution. *Stanford v. Texas*, 379 U.S. 476, 485, 85 S. Ct. 506, 13 L. Ed. 2d 431 (1965). In this case, we are asked to evaluate a search warrant in a prosecution for possession of and dealing in depictions of minors engaged in sexually explicit conduct. For guidance, we look to a 1992 case, *State v. Perrone*, 119 Wn.2d 538, 834 P.2d 611 (1992), that involved similar circumstances. We unanimously held that the *Perrone* warrant failed to meet the particularity requirement of the Fourth Amendment, in part because it provided for the seizure of items that were legal to possess, such as adult pornography. That holding is binding in this case, where the warrant similarly provided for the seizure of items that were legal to possess. The State contends that the warrant in this case is saved by a citation to the child pornography statute at the top of the warrant. The State is incorrect because the statutory citation does not modify or limit the items listed in the warrant, so it does not save the warrant from being overbroad. More importantly, the State's position conflicts with our reasoning in *Perrone* and would hinder the goals of the warrant particularity requirement. Because the warrant fails to meet the Constitution's particularity requirement, we must reverse these convictions.

## FACTS

Mark Besola and Jeffrey Swenson lived together in Besola's house. After a friend of Swenson's, Kellie Westfall, was arrested, she told police that she had seen drugs and child pornography at Besola's house. Besola was a veterinarian, and

2

Westfall said that he provided prescription drugs from his veterinary clinic to Swenson, who was a drug addict.

Based on the information provided by Westfall, a judge issued a search warrant for illegal drugs but declined to issue a search warrant related to child pornography at that time. At the scene, police saw CDs (compact disks) and DVDs (digital video disks) with handwritten titles that implied that they contained child pornography. On the basis of this observation, police requested and obtained an addendum to the search warrant.

The language of that amended warrant (and whether it was sufficiently particular) is at the heart of the legal issue in this case. The warrant indicated that the crime under investigation was "Possession of Child Pornography R.C.W. 9.68A.070." Clerk's Papers (CP) at 312 (boldface omitted). The warrant indicated that "the following evidence is material to the investigation or prosecution of the above described felony":

1. Any and all video tapes, CDs, DVDs, or any other visual and or audio recordings;
2. Any and all printed pornographic materials;
3. Any photographs, but particularly of minors;
4. Any and all computer hard drives or laptop computers and any memory storage devices;
5. Any and all documents demonstrating purchase, sale or transfer of pornographic material.

*Id.* (boldface omitted). Police seized a number of computers, memory storage devices, CDs, and DVDs. They ultimately found child pornography on one computer

3

and on 41 disks with handwritten titles. They also found a DVD duplicating device (also known as a DVD burner) attached to the computer. Some disks contained duplicated copies of the child pornography. A handwriting expert testified that Besola's handwriting was on at least one of the disks containing child pornography and that indications of both Besola's and Swenson's handwriting were on multiple other disks.

Besola and Swenson were each charged with and convicted of two crimes: possession of depictions of minors engaged in sexually explicit conduct and dealing in such depictions.

Besola and Swenson appealed, raising a number of issues. The Court of Appeals affirmed their convictions. *State v. Besola*, noted at 181 Wn. App. 1013, 2014 WL 2155229, at *19. Besola and Swenson petitioned for review on a number of issues, but we granted review "only as to the warrant and 'to convict' instructions." Order Granting Review, *State v. Besola*, No. 90554-1 (Wash. Nov. 5, 2014); *State v. Besola*, 181 Wn.2d 1014, 337 P.3d 325 (2014). Given our holding on the warrant issue, we need not address the "to convict" instruction issue.

## ISSUE

Did this search warrant meet the Fourth Amendment's particularity requirement?

ANALYSIS

Search warrants must describe the items to be seized with particularity. U.S. CONST. amend. IV. The search warrant in this case contained broad descriptions of the items to be seized (e.g., "[a]ny and all printed pornographic materials" and "[a]ny photographs, but particularly of minors"). CP at 312 (boldface omitted). Under our holding from *Perrone*, these descriptions were overbroad because they allowed officers to seize lawfully possessed materials, such as adult pornography, when the descriptions could easily have been made more particular. The State argues that the warrant is saved by a citation to the child pornography statute at the top of the warrant. As explained below, the State is incorrect. The statutory citation does not modify or limit the items listed in the warrant, so it does not save the warrant from being overbroad. Furthermore, adopting the State's argument would be contrary to our reasoning in *Perrone* and would hinder the goals of the warrant particularity requirement.

> 1. *An Overview of the Particularity Requirement for Search Warrants and the Heightened Protection for Materials Protected by the First Amendment*

The Fourth Amendment requires that search warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. As this court has explained, "The purposes of the search warrant particularity requirement are the prevention of general searches, prevention of the seizure of objects on the mistaken assumption that they fall within the issuing magistrate's

authorization, and prevention of the issuance of warrants on loose, vague, or doubtful bases of fact." *Perrone*, 119 Wn.2d at 545.

Warrants "'must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized.'" *Id.* at 546 (quoting *United States v. Cook*, 657 F.2d 730, 733 (5th Cir. 1981)). By describing the items to be seized with particularity, the warrant limits the discretion of the executing officer to determine what to seize. *Id.*

This court has also recognized that one purpose of a warrant is "to inform the person subject to the search what items the officer may seize." *State v. Riley*, 121 Wn.2d 22, 29, 846 P.2d 1365 (1993).

Warrants for materials protected by the First Amendment require a heightened degree of particularity. *Perrone*, 119 Wn.2d at 547-48 (quoting *Stanford*, 379 U.S. at 485). In such cases, the particularity requirement must be "'accorded the most scrupulous exactitude.'" *Id.* at 548 (quoting *Stanford*, 379 U.S. at 485).

2. *The Search Warrant Provisions Related to Print Materials Were Overbroad, and the Statutory Citation to the Crime under Investigation Did Not Save Those Overbroad Provisions*

The defendants are correct that the portions of the warrant related to printed materials are insufficiently particular under our holding from *Perrone*. The State argues that a citation to the child pornography statute at the top of the warrant effectively circumscribes the entire warrant, making it sufficiently particular. As

6

described in further detail below, this argument fails because that statutory reference

did not modify or limit the items that officers could seize pursuant to the warrant.

> A. *This Search Was Overbroad under* Perrone *Because Search Warrants Related to Child Pornography Cannot Generally Provide for the Seizure of Legal Adult Pornography*

In the 1992 *Perrone* case, we evaluated a search warrant in a prosecution for

the same two charges as this case—possession of and dealing in depictions of minors

engaged in sexually explicit conduct. We unanimously held that the warrant failed to

meet the Fourth Amendment's particularity requirement. Because both parties point

to *Perrone* as the most important case on this issue, it is important to understand the

facts and reasoning of that case.

In *Perrone*, the police were investigating an individual who had provided a

number of films depicting children involved in sexually explicit acts to a detective in

Oakland, California. The defendant indicated that he had many more such films in

Seattle. Through a cooperative investigation with the Oakland police, a Seattle

detective obtained a search warrant for the defendant's home in Seattle. The warrant

authorized seizure of

> "[c]hild or adult pornography; photographs, movies, slides, video
> tapes, magazines or drawings of children or adults engaged in sexual
> activities or sexually suggestive poses; correspondence with other
> persons interested in child pornography, phone books, phone registers,
> correspondence or papers with names, addresses, phone numbers which
> tend to identify any juvenile; camera equipment, video equipment,
> sexual paraphernalia; records of safe deposit boxes, storage facilities;
> computer hardware and software, used to store mailing list information

or other information on juveniles; papers of dominion and control establishing the identity of the person in control of the premise; any correspondence or papers which tend to identify other pedophiles."

*Id.* at 543.

The State conceded that there was no probable cause for certain items that were legal to possess, including adult pornography, pornographic drawings, and sexual paraphernalia. *Id.* at 551. The State also conceded that the reference to children in "'sexually suggestive poses'" was insufficiently particular. *Id.* at 552. Therefore, the court was left to consider the warrant's authorization to seize "'[c]hild . . . pornography; photographs, movies, slides, video tapes, magazines . . . of children . . . engaged in sexual activities.'" *Id.* (alterations in original).

The court found that "in the context of the warrant's language as a whole," the description "'child . . . pornography'" was invalid for three reasons. *Id.* at 552-53 (alteration in original). First, the court found that the term "child pornography" was an "'omnibus legal description'" undefined by statute, similar to the term "obscenity." *Id.* at 553. As such, it left too much discretion to the officer to decide what to seize. Second, it held that the description was too general under these circumstances because the warrant could easily have been made more particular if the language in the statute had been used to describe the materials sought. *Id.* at 553-54. The court suggested that "a *specific statement* of the type of contents which would render the material child pornography" would be sufficient. *Id.* at 554. Third, the court noted that other

courts "have sometimes held a description of materials sought can be held sufficiently particular given the rest of the warrant's language." *Id.* at 555. For instance, a reference to a specific illegal activity can sometimes provide guidance to an office executing a search warrant. *Id.* But the court held that such a holding would be inappropriate because "so much of the rest of the warrant suffers from lack of probable cause and from insufficient particularity." *Id.* Based on those three reasons, the court concluded that the term "child pornography" was invalid because it was insufficiently particular. *Id.*

Applying the holding and reasoning of *Perrone* to this case, we conclude that many provisions of this search warrant were similarly overbroad. As in *Perrone*, the descriptions of the items to be seized expressly included materials that were legal to possess, such as adult pornography and photographs that did not depict children engaged in sexually explicit conduct. *See* CP at 312 (authorizing the seizure of "[a]ny and all printed pornographic materials" and "[a]ny photographs, but particularly of minors" (boldface omitted)). As in *Perrone*, these descriptions could easily have been made more particular by adding the precise statutory language—"depictions of a minor engaged in sexually explicit conduct," RCW 9.68A.050 (boldface omitted). Under *Perrone*, these provisions were insufficiently particular and thus invalid.

    *B. The Statutory Citation in This Warrant Did Not Circumscribe the List of Items To Be Seized and Thus Did Not Save the Warrant from Being Overbroad*

The State claims that the citation to the statutory definition of the crime under investigation, noted at the beginning of the warrant, circumscribes the list of items to be seized and thus makes the entire warrant sufficiently particular. We reject this argument because it is contrary to (1) the plain language of the warrant, (2) this court's reasoning in *Perrone*, and (3) the purposes of the warrant requirement.

The State bases its argument on a skewed reading of this court's statement in *Perrone* that "the language of RCW 9.68A.011, if used in a search warrant to describe materials sought, would be sufficiently particular." 119 Wn.2d at 553. And certainly, if this search warrant had used the *language* of RCW 9.68A.011 *to describe materials sought*, the warrant would likely be sufficiently particular. But this warrant does not use the language of the statute; it simply notes the statutory citation. *See* CP at 312 (stating that the felony under investigation is "Possession of Child Pornography R.C.W. 6.68A.070" (boldface omitted)). It does not add any actual information that would be helpful to the reader, such as the statutory definition of child pornography.

Furthermore, the warrant does not use the citation to describe the materials sought. The warrant lists the crime under investigation and then separately lists the evidence that is material to that investigation, which police are then authorized to seize. *See id.* The name of the felony at the top of the warrant does not modify or

limit the list of items that can be seized via the warrant. This is evidenced by the plain language of the warrant, which introduces the list of evidence covered by the warrant with the statement, "[T]he following evidence is material to the investigation or prosecution of the above described felony." *Id.* That sentence does not limit the evidence to be seized by referencing the felony; it merely says that the evidence that follows is "material" to the investigation of that felony. Additionally, the State's conclusion is inconsistent with the descriptions of the items to be seized. If the reference to the crime of possession of child pornography was meant to be read as limiting each item on the list, then the phrase "[a]ny photographs, but particularly of minors" would not need the latter modifying phrase. *Id.* (boldface omitted).

Even where the constitution requires scrupulous exactitude, "[s]earch warrants are to be tested and interpreted in a commonsense, practical manner, rather than in a hypertechnical sense." *Perrone*, 119 Wn.2d at 549. However, neither common sense nor practicality allow the court to assume there are limitations on a warrant's scope where such limitations are plainly absent. Here, the warrant's rote citation to the child pornography statute is at best ambiguous as to whether it limits the subsequent list of items to be seized. Because that ambiguity means the officers, rather than judges, will decide the scope, it fails not just *Perrone*, but the core purpose of the historically grounded particularity requirement. *See Stanford*, 379 U.S. at 485-86.

11

As we said in *Perrone,* using the statutory language to describe the materials sought would likely make the warrant sufficiently particular. But the inclusion of the citation to the statute at the top of this warrant did nothing to make this warrant more particular. Not only did it fail to add helpful information—such as the definition of child pornography, it did not modify or limit the evidence that officers could seize.

The State also bases its argument on a case from the Tenth Circuit Court of Appeals, but that case is not applicable to these facts nor is it faithful to our state case law. In that Tenth Circuit case, the court upheld a search warrant that "'due to the nature of the charges'" provided for the seizure of "'any and all items related to child pornography.'" *United States v. Burke,* 633 F.3d 984, 992 (10th Cir. 2011). The search warrant also provided for the seizure of devices that could store computer files as "'contraband, evidence, fruits, or instrumentalities of said crime(s),'" and it indicated that the crime under investigation was sexual exploitation of a child. *Id.* The *Burke* court indicated that because the warrant used the phrase "due to the nature of the charges" and then listed the charge of sexual exploitation of a child (including a reference to the relevant statute), the warrant "[brought] to officers' attention the purpose of the search." *Id.* As a result, the court held that "[a] sufficient nexus between the child pornography charge and the items to be searched existed to allow the warrant to pass constitutional muster." *Id.* at 992-93.

12

However, we cannot broadly apply the *Burke* holding to this case. This area of the law often turns on the specific language in the search warrant, and the *Burke* warrant was quite different than the warrant in this case. The warrant in *Burke* did not suffer from the primary defect in this warrant: the inclusion of lawfully possessed materials, such as adult pornography. Instead, the *Burke* warrant limited the seizure of print items to those "'related to child pornography in any media form.'" *Id.* at 992.

Further, stretching the *Burke* holding to apply to this case would be contrary to our holding and reasoning in *Perrone* and it would undermine the purposes of the particularity requirement. We already rejected a search warrant based on its use of the general (and statutorily undefined) term "child pornography" in *Perrone*. The Tenth Circuit was not bound by such a holding, as is clear by its upholding of the warrant despite its general references to sexual exploitation of a child and child pornography. But more importantly, applying the Tenth Circuit's holding to this warrant in particular would undermine the purposes of the particularity requirement. Even if we concluded that the statutory citation circumscribed the list of evidence that could be seized under the warrant, and even if we concluded that it would be reasonable for an officer to know and apply the statutory language based on the citation listed in the warrant, the warrant would still fail to inform the person subject to the search what items the officers were authorized to seize. *See Riley*, 121 Wn.2d at 29-30.

13

The State asks us to hold that the inclusion of a statutory citation at the top of the warrant effectively serves to make the entire warrant, and its many overbroad provisions, sufficiently particular. We cannot do so because such a holding is contrary to our holding and reasoning in *Perrone* and would undermine the very purposes of the particularity requirement. Because this warrant fails to meet the Constitution's particularity requirement, we must reverse these convictions.

## CONCLUSION

The search warrant at issue failed to meet the Fourth Amendment's particularity requirement. We reverse the Court of Appeals and remand for further proceedings consistent with this opinion.

_(signature)_

WE CONCUR:

_Madsen, C.J._

_Johnson, J._

_Fairhurst, J._

_Stephens, J._

_Wiggins, J._

_Gonzalez, J._

_(signature), J._

_(signature), J._