# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MARK L. BESOLA,                    )     NO. 72495-9-I
                                   )
            Appellant,             )
                                   )     DIVISION ONE
       v.                          )
                                   )
DEPARTMENT OF HEALTH, STATE        )
OF WASHINGTON,                     )     UNPUBLISHED OPINION
                                   )
            Respondent.            )     FILED: February 1, 2016
_____)

LAU, J. — Dr. Mark Besola, a veterinarian, appeals the Board of Veterinary

Governors' order suspending his license to practice. While this appeal was pending,

the Board reinstated Besola's license. The parties agree that this action renders the

merits of Besola's appeal moot. But, Besola contends that he is entitled to attorney fees

under the Equal Access to Justice Act, RCW 4.84.350. Because Besola never

prevailed on the merits of his appeal, he is not a prevailing party within the meaning of

the act and therefore is not entitled to fees. We dismiss his appeal on mootness

grounds and deny his attorney fees request.

FACTS

On April 20, 2012, a jury convicted Dr. Mark Besola, a veterinarian, on one count of possession of depictions of a minor engaged in sexually explicit conduct and one count of dealing in such depictions. Following these convictions, the Board of Veterinary Governors determined that Besola had committed professional misconduct as defined by RCW 18.130.180(1) and RCW 18.130.180(17). Accordingly, the Board indefinitely suspended Besola's license to practice as a veterinarian. Besola appealed the Board's order, and the superior court affirmed. Besola sought review in this court.

While Besola's appeal of his suspended veterinary license was pending, the Washington Supreme Court reversed his criminal convictions. See State v. Besola, 184 Wn.2d 605, 359 P.3d 799 (2015). Based on this decision, the Board vacated its earlier suspension order and unconditionally reinstated Besola's license to practice as a veterinarian. The Board's suspension order is moot. A case is moot if the court can no longer provide effective relief. State v. Beaver, 184 Wn.2d 321, 358 P.3d 385 (2015). Besola claims he is entitled to an award of attorney fees as the prevailing party.

ANALYSIS

Besola claims he is entitled to attorney fees under the Equal Access to Justice Act, RCW 4.84.350, because he prevailed before the Board. We disagree.

Besola is not a prevailing party within the meaning of the act because he never obtained a successful judgment on the merits of his appeal. The act directs the court to award fees to a party who prevails on the merits unless it finds that the challenged agency action was substantially justified:

> Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action . . . unless the court finds that the agency action was substantially justified or that circumstances make an award unjust. A qualified party shall be considered to have prevailed if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought.

RCW 4.84.350(1). "A party must prevail on the merits before being considered a prevailing party." Ryan v. State Dep't. of Soc. & Health Servs., 171 Wn. App. 454, 476, 287 P.3d 629 (2012). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Parmelee v. O'Neel, 168 Wn.2d 515, 522, 229 P.3d 723 (2010) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)).

Although Besola obtained the relief he sought when his veterinary license was reinstated, that relief did not come from this court. The Board's decision to vacate its earlier order suspending Besola's license was entirely unrelated to this appeal. We never addressed the main issue of whether the Board acted reasonably when it suspended Besola's license, and thus never had an opportunity to "materially [alter] the legal relationship between the parties by modifying the [Board's] behavior in a way that directly benefit[ed] [Besola]." Parmelee, 168 Wn.2d at 522 (quoting Farrar, 506 U.S. at 111-12). Because we never addressed the merits or granted any relief whatsoever to Besola, he is not a "prevailing" party.

But even if we assumed Besola prevailed within the meaning of the act, we need not award fees if we conclude "that the agency action was substantially justified." RCW

-3-

4.84.350(1). For an agency action to be substantially justified, it "need not be correct, only reasonable." <u>Raven v. Dep't. of Soc. Health Servs.</u>, 177 Wn.2d 804, 832, 306 P.3d 920 (2013).

The agency action was reasonable here. Besola was convicted in April 2012. The Board reasonably relied on these convictions when it filed administrative charges against Besola in September 2012 and eventually suspended his license in June 2013. Besola's convictions remained valid until the Washington Supreme Court reversed them in November 2015. Under these circumstances, the Board acted reasonably when it relied on Besola's convictions despite their subsequent reversal. We conclude the Board's action was substantially justified when it suspended Besola's veterinary license.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal as moot and decline to award attorney fees.

WE CONCUR:

-4-