IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>DOUGLAS WAMBA,<br><br>                      Petitioner. | No. 82319-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — A jury found Douglas Wamba guilty of nine counts of varying degrees of child rape and child molestation. In this personal restraint petition (PRP), Wamba requests a reference hearing, or that we vacate his convictions and order a new trial, or grant him a new sentencing hearing. Wamba contends that he received ineffective assistance of counsel when his attorney did not move to suppress evidence obtained from his cell phone and when his sentencing attorneys failed to ask the court to remove his shackles at sentencing. We deny Wamba's request for a reference hearing and his PRP because the record does not support his assertion that he is entitled to relief.

FACTS

The facts relating to the petitioner's crimes are set out in the Court of Appeals unpublished decision. State v. Wamba, No. 78823-0-I (Wash. Ct. App. Apr. 27, 2020) (unpublished),https://www.courts.wa.gov/opinions/pdf/788230.pdf, review denied, 196 Wn.2d 1007, 471 P.3d 213 (2020). On July 24, 2018, Wamba was convicted of nine counts of varying degrees of child rape and child molestation. Wamba, No. 78823-0-I, slip op. at 1. Wamba received an

Citations and pin cites are based on the Westlaw online version of the cited material.

indeterminate sentence of 340 months to life. Wamba directly appealed his conviction contending that the prosecutor committed misconduct, that he received ineffective assistance of counsel when his attorney failed to call a forensic specialist as a witness, that he was deprived of his right to confront his accuser, and that certain community custody conditions and legal financial obligations were imposed in error. Wamba, No. 78823-0-I, slip op. at 4. On April 27, 2020, we affirmed in part, but remanded to strike the challenged community custody conditions and interest on legal financial obligations. Wamba, No. 78823-0-I, slip op. at 4.

On December 15, 2020, Wamba initiated a PRP. In Wamba's declaration, Wamba asserted that on September 8, 2016, after Detective Suzanne P. Eviston interrogated him, she returned Wamba's possessions to him, then grabbed his cell phone out of his hands telling him that she was going to hold on to it. Furthermore, Wamba states that when he appeared for sentencing, he was shackled and remained shackled throughout the hearing, and at no time did his attorneys request that the shackles be removed.

## ANALYSIS

Wamba contends that he was deprived of his right to effective counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and article I, section 3 of the Washington State Constitution when his counsel failed to file a motion to suppress the evidence obtained from the search and seizure of his cell phone and failed to ask the court to remove his shackles during the sentencing hearing. We disagree.

A petitioner may seek relief from governmental restraint where "[t]he conviction was obtained or the sentence or other order entered in a criminal proceeding or civil proceeding instituted by the state or local government was imposed or entered in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(2). "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). Accordingly, "personal restraint petitioners who have had prior opportunity for judicial review must show that they were actually and substantially prejudiced by constitutional error or that their trials suffered from a fundamental defect of a non-constitutional nature that inherently resulted in a complete miscarriage of justice." Coats, 173 Wn.2d at 132.

"This court has three options regarding constitutional issues raised in a personal restraint petition":

> 1. If a petitioner fails to meet the threshold burden of showing actual prejudice arising from constitutional error, the petition must be dismissed;
> 2. If a petitioner makes at least a prima facie showing of actual prejudice, but the merits of the contentions cannot be determined solely on the record, the court should remand the petition for a full hearing on the merits or for a reference hearing pursuant to RAP 16.11(a) and RAP 16.12;
> 3. If the court is convinced a petitioner has proven actual prejudicial error, the court should grant the Personal Restraint Petition without remanding the cause for further hearing.

In re Pers. Restraint of Rice, 118 Wn.2d 876, 885, 828 P.2d 1086 (1992).

To make the required prima facie showing for a reference hearing, the petitioner must "state in his petition the facts underlying the claim of unlawful

restraint and the evidence available to support the factual allegations." Rice, 118 Wn.2d at 885-86. "[T]he petitioner must state with particularity facts which, if proven, would entitle him to relief" and "must present evidence showing that his factual allegations are based on more than speculation, conjecture, or inadmissible hearsay." Rice, 118 Wn.2d at 886. "Once the petitioner makes this threshold showing, the court will then examine the State's response to the petition," which "must answer the allegations of the petition and identify all material disputed questions of fact." Rice, 118 Wn.2d at 886. "If the parties' materials establish the existence of material disputed issues of fact, then the superior court will be directed to hold a reference hearing in order to resolve the factual questions." Rice, 118 Wn.2d at 886-87.

### Phone Seizure and Search

Wamba asserts that the seizure of his cell phone was unlawful and that he was prejudiced by the introduction of the evidence acquired from his phone without which the State could not have proved their case. Wamba makes three contentions as to why the seizure and search of his phone was unlawful. First, Wamba contends that he can establish at a reference hearing, if given the opportunity, that the seizure of his cell phone was invalid and violated his federal and state rights because his phone was taken without a warrant, which was necessary because it was taken from him after he was told he was free to leave. Next, Wamba contends that the warrant that was issued lacked probable cause. Lastly, he contends that the warrant lacked particularity.

1)  Search Incident to Arrest

"The Fourth Amendment [to the United States Constitution] protects individuals from unreasonable searches and seizures."  State v. VanNess, 186 Wn. App. 148, 155, 344 P.3d 713 (2015).  The Washington State Constitution, which provides more extensive privacy protections than those provided under the Fourth Amendment, further narrows the State's authority to search.  VanNess, 186 Wn. App. at 155; State v. Valdez, 167 Wn.2d 761, 771-72, 224 P.3d 751 (2009).  Accordingly, when presented with arguments under both the state and federal constitutions, we first examine the state constitutional argument.  VanNess, 186 Wn. App. at 155.  If a search is invalid under the Washington State Constitution, any inquiry into its validity ends there.  State v. Parker, 139 Wn.2d 486, 492-93, 987 P.2d 73 (1999).  Under article I section 7 of our state constitution, "a warrantless search is per se unreasonable unless the State proves that one of the few 'carefully drawn and jealously guarded exceptions' applies."  State v. Byrd, 178 Wn.2d 611, 616, 310 P.3d 793 (2013) (quoting State v. Ortega, 177 Wn.2d 116, 122, 297 P.3d 57 (2013)).  The State's burden of proof in this context is a "heavy burden."  Parker, 139 Wn.2d at 496.

"[T]he police may seize an individual's phone pursuant to a lawful search incident to arrest to prevent the destruction of evidence, Valdez, 167 Wn.2d at 776, but may search the phone (including text messages) only with a warrant, a valid exception to the warrant requirement, or the phone owner's express consent."  State v. Hinton, 179 Wn.2d 862, 881, 319 P.3d 9 (2014).  "The right to search incident to a lawful custodial arrest, once acquired, terminates no later

5

than when the officer announces that he arrestee will be released rather than booked." State v. McKenna, 91 Wn. App. 554, 561-62, 958 P.2d 1017 (1998).

Here, Wamba does not challenge the initial seizure of his phone at his arrest, instead he contends that there was a second seizure of his cell phone, which was unlawful because it took place after he was free to leave and his phone had been returned to him. Wamba asserts that Detective Eviston returned his cell phone to him when the arrest had concluded, but then took it from him again before he left the interview room. Wamba asserts a reference hearing is warranted to prove the second seizure took place and therefore the evidence obtained from the phone should have been suppressed. Wamba supports this claim by citing to McKenna, where McKenna appealed her conviction for possession of methamphetamine claiming that the admission of evidence was not supported by a search incident to arrest because she was free to go before the search was conducted. 91 Wn. App. at 561-62. We agreed with McKenna and held that the evidence was improperly admitted because her arrest terminated before an officer searched McKenna's pockets. McKenna, 91 Wn. App. at 562.

However, the evidence in the record here does not show that Wamba's phone was seized after Wamba was told he was free to go. Because there is an absence of evidence in the record that Detective Eviston took Wamba's cell phone after the permissible search incident to the arrest, we presume it did not occur. Additionally, Wamba's own declaration as the only evidence to support his claim fails to establish material disputed issues of fact sufficient to trigger a

6

full hearing on the merits or a reference hearing pursuant to RAP 16.11(a) and .12. This case is similar to In re Pers. Restraint of Reise, 146 Wn. App. 772, 789, 192 P.3d 949 (2008) which held that the petition could not be resolved solely on the current record and that there was no reason to remand for a reference hearing in superior court to resolve the disputed factual issues when the disputed facts arise only from a self-serving affidavit of the defendant. It is distinguishable from McKenna because here the police seized Wamba's phone while Wamba was still under arrest and the evidence does not support that the police seized it a second time after he was free to go.

Wamba disagrees and points to Detective Eviston's testimony in his reply brief, claiming that because there is a contradiction as to who took the phone initially and how it was retained, his petition cannot be determined on the record. He asserts that the petition must be transferred to superior court for a reference hearing to prove that the cell phone was unlawfully taken from him after it had been returned to him and he was released. According to Wamba, the record stated this for Detective Eviston's testimony (which was not produced):

> "Q: And, again, just to be clear, we're talking about the extraction of the phone **that you had taken from the defendant when you contacted him in September**; is that right?
> A: I interviewed him in September and then again. I interviewed him twice.
> Q: **And when did you take the phone?**
> A: **After the first interview**, I believe."

May 30, 2018, transcript at page 16. (Emphasis added)[.]

> "Q: **And you were the one that took the phone from the defendant initially?**
> A: Yes."

7

May 30, 2018, transcript at page 50.  (Emphasis added).

Wamba specifically points to Detective Eviston's answer that she had taken his phone "after the first interview" to support his claim that when she concluded the interview and released him, she returned his property to him, but when she realized that she returned his cell phone, she grabbed it out of his hand.  However, we do not have the record before us and the testimony from the detective was not provided.  Even if Wamba's statement of what is in the record is accurate, the testimony does not reflect that Detective Eviston returned the phone to Wamba and then took it back or that she did so after telling him he was free to go.  The evidence in the record does not show that Wamba's phone was seized unlawfully and therefore there is no reasonable probability a motion to suppress would have been granted.

2) Probable Cause for the Warrant

Wamba contends that there was no probable cause to search his cell phone's web browsing activity, web history, browser history and bookmark addresses, or information pertaining to relationships to other devices.  " 'The warrant clause of the Fourth Amendment of the United States Constitution and article 1, section 7 of the Washington Constitution require that a search warrant be issued upon a determination of probable cause based upon 'facts and circumstances sufficient to establish a reasonable inference' that criminal activity is occurring or that contraband exists at a certain location.' "  State v. Vickers, 148 Wn.2d 91, 108, 59 P.3d 58 (2002) (internal quotations omitted) (quoting State v. Thein, 138 Wn.2d 133, 140, 977 P.2d 582 (1999)).  "Probable cause is

8

established when an affidavit supporting a search warrant provides sufficient facts for a reasonable person to conclude [that] there is a probability the defendant is involved in the criminal activity." Vickers, 148 Wn.2d at 108. A magistrate may then issue a search warrant "based on information received from an informant if the application establishes probable cause to believe that the items sought will be found in the place to be searched." State v. Casto, 39 Wn. App. 229, 234, 692 P.2d 890 (1984). Mere belief or conclusory statements in a police officer's affidavit in support of the search warrant application does not provide a factual basis for a magistrate to make an independent judgment of the informant's reliability. State v. Steenerson, 38 Wn. App 722, 725-726, 688 P.2d 544 (1984).

The magistrate judge's decision is reviewed for abuse of discretion. Vickers, 148 Wn.2d at 108. We generally "accord[ ] great deference to the magistrate and view[ ] the supporting affidavit for a search warrant in the light of common sense." Vickers, 148 Wn.2d at 108. "Doubts concerning the existence of probable cause are generally resolved in favor of issuing the search warrant." Vickers, 148 Wn. 2d at 108-09.

Here, probable cause was adequately established because the warrant's affidavit provided that; the victim and mother stated that Wamba had explicit nude images of the victim on his cell phone, the incident was reported to the police along with screenshots of the conversations between Wamba and the victim, Wamba pretended to be the victim through Facebook and other social media, and Wamba sent text messages attempting to coerce the victim and her

mother. Because these facts are more than mere belief and conclusory statements and provide for a reasonable inference that evidence of criminal activity would be found in Wamba's web browsing history and activity, the affidavit adequately established probable cause to acquire a warrant to search Wamba's phone content. The trial court did not err by concluding that the warrant was supported by probable cause.

### 3) Warrant Particularity

Wamba contends that the warrant for the seizure of his phone lacked particularity because the description in the warrant allowed for an overbroad search of the cell phone data without limitations.

" 'The [F]ourth [A]mendment to the United States Constitution requires that a search warrant describe with particularity the place to be searched and the person or things to be seized' ", but the particularity requirement can be " 'met if the substance to be seized is described with reasonable particularity.' " State v. Perrone, 119 Wn.2d 538, 546, 834 P.2d 611 (1992) (internal quotation marks omitted) (quoting State v. Withers, 8 Wn. App. 123, 126, 504 P.2d 1151 (1972)). The purposes of particularity in a search warrant are "the prevention of general searches, prevention of the seizure of objects on the mistaken assumption that they fall within the issuing magistrate's authorization, and prevention of the issuance of warrants on loose, vague, or doubtful bases of fact." Perrone, 119 Wn.2d at 545; 2 W. WAYNE R. LAFAVE, SEARCH AND SEIZURE § 4.6(a), at 234-36 (2d ed. 1987). " '[t]he warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized.' " Perrone, 119 Wn.2d

at 546 (quoting United States v. Cook, 657 F.2d 730, 733 (5th Cir. 1981)). "[T]he degree of particularity required will depend on the nature of the materials sought and the circumstances of each case." Perrone, 119 Wn.2d at 547. "Where a search warrant authorizing a search for materials protected by the First Amendment is concerned, the degree of particularity demanded is greater than in the case where the materials sought are not protected by the First Amendment." Perrone, 119 Wn.2d at 547. Courts are to evaluate search warrants "in a common sense, practical manner, rather than in a hypertechnical sense." Perrone, 119 Wn.2d at 549; see United States v. Turner, 770 F.2d 1508, 1510 (9th Cir. 1985). Particularity is reviewed de novo. Perrone, 119 Wn.2d 549; State v. Garcia, 140 Wn. App. 609, 622, 166 P.3d 848 (2007).

"The fact that a warrant lists generic classifications . . . does not necessarily result in an impermissibly broad warrant." State v. Stenson, 132 Wn.2d 668, 692, 940 P.2d 1239 (1997). Where a particular description of the items to be seized is not available at the time the warrant issues, courts have reasoned that the use of a generic term or general description may be sufficient. Perrone, 119 Wn.2d at 547. Warrants " 'must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized.' " State v. Besola, 184 Wn.2d 605, 610, 359 P.3d 799 (2015) (internal quotation marks omitted) (quoting Perrone, 119 Wn.2d at 546). "By describing the items to be seized with particularity, the warrant limits the discretion of the executing officer to determine what to seize." Besola, 184 Wn.2d at 610. "When a warrant lists items protected by the First Amendment, courts demand the highest degree of

11

particularity." Chambers, 88 Wn. App. at 644, 945 P.2d 1172 (1997), Perrone, 119 Wn.2d at 547. Additionally, an affidavit may cure an overbroad warrant "where the affidavit and the search warrant are physically attached, and the warrant expressly refers to the affidavit and incorporates it with 'suitable words of reference.' " State v. Riley, 121 Wn.2d 22, 29, 846 P.2d 1365 (1993) (quoting Bloom v. State, 283 So.2d 134, 136 (Fla. Dist. Ct. App. 1973)). Lastly, "lawful materials also can be relevant to a crime," and the "fact that a warrant authorizes seizure of lawful materials does not automatically make the warrant overbroad." State v. Martinez, 2 Wn. App. 2d 55, 67, 408 P.3d 721 (2018).

Here, Wamba relies chiefly on State v. McKee, 3 Wn. App. 2d 11, 24-25, 413 P.3d 1049 (2018), rev'd and remanded on other grounds, 193 Wn. 2d 271, 438 P.3d 528 (2019), and on Besola. In McKee, the defendant appealed his convictions for four convictions of possession of depictions of a minor engaging in sexually explicit conduct. 3 Wn. App. at 14. He contended that the search warrant for his cell phone violated the particularity requirement because the warrant contained broad descriptions of cell phone data the police were allowed to search. 3 Wn. App. at 14. We held that the warrant was not carefully tailored to the justification to search and was not limited to data for which there was probable cause because the warrant language was generalized by only including the statutes and lacked an attached affidavit that could have met the particularity requirement. McKee, 3 Wn. App. at 27-29.

In Besola, our court concluded that the search warrant citing only to the child pornography statue did not "modify or limit the items listed in the warrant"

12

and that "these descriptions were overbroad because they allowed officers to seize lawfully possessed materials, such as adult pornography, when the description could easily have been made more particular" by using the precise statutory language to describe the materials sought. 184 Wn.2d at 609-13.

Here, as in McKee and Besola, the warrant similarly only cites to the statutes regarding the crimes believed to be committed. However, this case is distinguishable because there was an attached affidavit to the warrant that cured any over-broadness. The affidavit clearly indicated how the cell phone data is connected to the crime and established probable cause. The affidavit for a search warrant gave guidance to the police on what to search for by indicating that Wamba pretended to be the victim through Facebook and other social media, had explicit nude images of the victim on his cell phone, and sent text messages attempting to coerce the victim and her mother. In addition to probable cause, the affidavit specifically stated that a search warrant should extend to:

> All electronic information and data, in whatever form, stored in mobile device and/or storage media that would tend to indicate ownership, possession, use or control and the pertinent dates and times of such possession and control . . .

> …[And to] All electronic communication and data stored on the phone related to the above listed crimes, such as emails, text messages, chats, web browsing activity to include web history, browser history and bookmark web addresses, voice mail, call history, contacts, information pertaining to relationships to other devices, applications stored on the phone and all video and images.

Because the warrant and its affidavit stated in detail the crime under investigation and where to search in the phone, the warrant did not lack particularity.

13

Because Wamba fails to prove that the warrant was overbroad or lacked particularity, he has not met his burden to prove that a motion to suppress evidence would have been granted. Furthermore, even if the cellphone evidence had not been introduced, there is overwhelming evidence to convict him. Thomas, 109 Wn.2d at 225. The State relied on significant additional evidence such as the victim and the mother's testimony of Wamba's violations, evidence that the victim was previously coerced, the victim's disclosure of the molestation to her friend and friend's mother, and the police and Child Protective Service's previous investigations, to prove their case. Therefore, Wamba failed to prove any prejudice due to the failure to move to suppress the evidence found in his cell phone.

Shackling

Wamba also contends that he received ineffective assistance of counsel because his counsel failed to ask the court to remove his shackles during the sentencing hearing. Wamba further claims that it is the State's burden to prove beyond a reasonable doubt that the prejudice associated with the shackling was harmless. We disagree.

The right to a fair trial requires that a criminal defendant may " 'appear at trial free from all bonds or shackles except in extraordinary circumstances.' " State v. Jackson, 195 Wn.2d 841, 852, 467 P.3d 97 (2020) (quoting State v. Finch, 137 Wn.2d 792, 842, 975 P.2d 967 (1999)). "Restraints are viewed with disfavor because they may abridge important constitutional rights, including the presumption of innocence, privilege of testifying in one's own behalf, and right to

consult with counsel during trial." State v. Hartzog, 96 Wn.2d 383, 398, 635 P.2d 694 (1981). This right extends to sentencing, in part because even though a judge may be aware the defendant is incarcerated, there is a "practical impossibility for a defendant to prove whether a . . . judge was unconsciously prejudiced by the restraints at any point during the case." Jackson, 195 Wn.2d at 856. However, "the right to be free from restraint is not absolute, and trial court judges are vested with the discretion to determine measures that implicate courtroom security, including whether to restrain a defendant in some capacity in order to prevent injury." Jackson, 195 Wn.2d at 852. This "discretion must be founded upon a factual basis set forth in the record. A broad general policy of imposing physical restraints upon prison inmates charged with new offenses because they may be 'potentially dangerous' is a failure to exercise discretion." Hartzog, 96 Wn.2d at 400. Thus, an "individualized inquiry" into the use of restraints is required. Jackson, 195 Wn.2d at 854. The court should consider

> the seriousness of the present charge against the defendant; defendant's temperament and character; his age and physical attributes; his past record; past escapes or attempted escapes, and evidence of a present plan to escape; threats to harm others or cause a disturbance; self-destructive tendencies; the risk of mob violence or of attempted revenge by others; the possibility of rescue by other offenders still at large; the size and mood of the audience; the nature and physical security of the courtroom; and the adequacy and availability of alternative remedies.

State v. Hutchinson, 135 Wn.2d 863, 887-88, 959 P.2d 1061 (1998) (quoting Hartzog, 96 Wn.2d at 400).

Here, the record is silent as to whether the court inquired about Wamba's shackling. However, even if Wamba was shackled and the court failed to perform a proper inquiry of the shackling, he has failed to establish actual

prejudice. The judge indicated that he had reviewed a copy of the presentence investigation report from the Department of Corrections, a sentencing memorandum from the State, victim impact statements, and several letters of support from defense counsel, and then provided a detailed explanation for its ruling regarding its imposition of the exceptional sentence. Wamba fails to prove that the court would have imposed a different sentence had he not been shackled.

Wamba incorrectly asserts that the State bears the burden to establish prejudice, relying on Jackson, where the court held that once the defendant established he was unconstitutionally shackled, the State had the burden to prove the error was harmless beyond a reasonable doubt. 195 Wn.2d at 856. Unlike in Jackson, Wamba here makes an ineffective assistance of counsel claim, which requires him to show prejudice, see Rice, 118 Wn.2d at 885, and does so through collateral review, which also places the burden of establishing prejudice on Wamba. Because Wamba does not make any showing of prejudice, his claim fails. Wamba's counsel was not ineffective.

We deny Wamba's petition.

Smith, A.C.J.

WE CONCUR: